**EXHIBIT A**

CERTIFIED FROM THE RECORD
SEP 3 0 2011
EDWARD G. SANDERCOCK
PROTHONOTARY & CLERK

Ashley Gager,
          Plaintiff

v.

Dell Financial Services, LLC,
          Defendant

IN THE WAYNE COUNTY
COURT OF COMMON PLEAS

Civil Action

No. 627-Civil-2011

Jury Trial Demanded

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the Act"). Defendant made multiple calls to Plaintiff on a number assigned to a cellular telephone service.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), which permits an action for a violation of the Act to be brought in an appropriate state court.

3. Venue in this Court is proper in that Plaintiff resides here, the conduct complained of occurred here, and Defendant transacts business here.

### III. PARTIES

4. Plaintiff is a natural person residing at 98 Lakeside Drive, Honesdale, PA 18431.

5. Defendant, Dell Financial Services, LLC, is a corporation with a place of business located at One Dell Way, Round Rock, Texas 78682. At all relevant times, Defendant placed calls to individuals in this state.

### IV. STATEMENT OF CLAIM

6. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

8. Plaintiff has a cellular telephone number that she has had for a number of years. Plaintiff has only used this number as a cellular telephone number, and does not believe that it was ever ported from a wireline service.

9. At all times relevant this phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

### Count 1 - Violation of the Act

10. The foregoing paragraphs are incorporated herein by reference.

11. **Defendant called Plaintiff's cell phone number an unknown number of times.**

12. The calls made to Plaintiff's cell phone were made using either an automatic telephone dialing system, as that term is defined in 47 U.S.C. § 227(a)(1), or an artificial or prerecorded voice. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

13. These telephone calls were not made for "emergency purposes", as defined in 47 C.F.R. § 64.1200.

14. These telephone calls were not made with the Plaintiff's prior express consent.

15. As a result of Defendant's conduct, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every call made by Defendant to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff demands judgment against Defendant for damages and such other and further relief as the court deems just and proper.

### Count 2 - Willful Violation of the Act

16. The foregoing paragraphs are incorporated herein by reference.

17. Plaintiff is entitled to increased damages, as these calls were made willfully and/or knowingly. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

18. For each willful violation, the court may, in its discretion, increase the amount of the award to an amount equal to, but no more than, $1,500.00 per call.

WHEREFORE, Plaintiff demands judgment against Defendant for damages and such other and further relief as the court deems just and proper.

### *Count 3- Injunctive Relief*

19. The foregoing paragraphs are incorporated herein by reference.

20. Plaintiff is entitled to injunctive relief to prohibit such further conduct from Defendant.

21. Plaintiff requests that the Court permanently enjoin Defendant from making calls to cell phones using an artificial voice, a prerecorded voice, or an automatic telephone dialing system, as that term is defined in 47 U.S.C. § 227(a)(1), unless they are made for emergency purposes or Defendant can show that the recipient provided prior express consent to receive such calls.

WHEREFORE, Plaintiff demands judgment against Defendant for injunctive relief and such other and further relief as the court deems just and proper.

*Brett M Freeman* (signature)

Brett Freeman
Bar Number: PA 308834
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Attorney for Plaintiff
Phone (570) 341-9000

### Verification of Complaint and Certification
### by Plaintiff Ashley Gager

Plaintiff, Ashley Gager, being duly sworn according to law, deposes as follows:

1. I am the plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746(2).

Executed on September 28, 2011.

*Ashley Gager*
Ashley Gager
Plaintiff