IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Ashley Gager,<br>                Plaintiff<br><br>v.<br><br><br>Dell Financial Services, LLC,<br>                Defendant | Docket No. 3:cv-11-2115-RDM<br><br>(JUDGE ROBERT D. MARIANI)<br><br><br><br><br>FILED ELECTRONICALLY |

## COMPLAINT

### I.    INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the Act"). Defendant made multiple calls to Plaintiff on a number assigned to a cellular telephone service.

### II.    JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), which permits an action for a violation of the Act to be brought in an appropriate state court. Defendant timely removed this action asserting federal question jurisdiction. Whether such jurisdiction is present for a violation of the Act is currently being considered by the Supreme Court in *Mims v. Arrow Financial Services,* LLC, Docket No. 10-1195. It is unclear whether diversity jurisdiction exists. After

Defendant discloses the number of calls that it placed to Plaintiff, the per-call statutory damages could be calculated.

3. Venue in this Court is proper in that Plaintiff resides here, the conduct complained of occurred here, and Defendant transacts business here.

### III.   PARTIES

4. Plaintiff is a natural person residing at 98 Lakeside Drive, Honesdale, PA 18431.

5. Defendant, Dell Financial Services, LLC, is a corporation with a place of business located at One Dell Way, Round Rock, Texas 78682. At all relevant times, Defendant placed calls to individuals in this state.

### IV.   STATEMENT OF CLAIM

6. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

8. Plaintiff has a cellular telephone number that she has had for a number of years. Plaintiff has only used this number as a cellular telephone number, and does not believe that it was ever ported from a wireline service.

9. At all times relevant this phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

10. Plaintiff applied for a credit card with Defendant in approximately December of 2007.

11. The internet form that Plaintiff completed to apply for the card required an applicant to provide a "house phone" number. At the time Plaintiff applied for this credit card, the only phone number that she had was her cellular telephone number. As a result, Plaintiff listed this phone number as her "house phone" number on the credit card application.

12. During December of 2010, Plaintiff sent Defendant a letter asking Defendant to stop calling her. A copy of this letter is attached as Exhibit A.

13. Defendant received this letter on December 27, 2010. A copy of the certified mail signature card evidencing the Defendant's receipt of the letter is attached as Exhibit B.

14. Plaintiff's letter revoked her consent that she had previously given to the Defendant to place calls to her cellular telephone number. Nevertheless, Defendant continued to hound Plaintiff by placing over forty calls to her cellular phone in less than three weeks.

*Count 1- Violation of the Act*

15. The foregoing paragraphs are incorporated herein by reference.

16. Defendant called Plaintiff's cell phone number an unknown number of times.

17. The industry standard for collection calls is to use automated dialers. Therefore, it is believed, and therefore averred, that the calls made to Plaintiff's cell phone were made using either an automatic telephone dialing system, as that term is defined in 47 U.S.C. § 227(a)(1), or an artificial or prerecorded voice.

18. These telephone calls were not made for "emergency purposes", as defined in 47 C.F.R. § 64.1200.

19. The telephone calls made after December 27, 2010 were not made with the Plaintiff's prior express consent.

20. As a result of Defendant's conduct, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every call made by Defendant to Plaintiff's cellular telephone number after December 27, 2010.

WHEREFORE, Plaintiff demands judgment against Defendant for damages and such other and further relief as the court deems just and proper.

### *Count 2 - Willful Violation of the Act*

21. The foregoing paragraphs are incorporated herein by reference.

22. The FCC has previously discussed the terms willfully and knowingly with respect to the Act in an informal staff opinion. A copy of that informal opinion is attached as Exhibit C.

23. In the informal opinion, the FCC has stated that "the term 'willful' has been interpreted to mean simply that 'the acts or omissions are committed

knowingly. It is not pertinent whether or not the [. . . ] acts or omissions are intended to violate the law." (Ex. C.) In addition, the FCC stated that the term "knowingly" is equivalent to "willful." (Ex. C.)

24. By November of 2010, Plaintiff had fallen behind on her payments to Defendant, which is why Defendant began calling her.

25. As Defendant intended to place these calls to Plaintiff, Plaintiff is entitled to increased damages, as these calls were made willfully and/or knowingly.

26. For each violation of that Act that was done willfully and/or knowingly, the Court may, in its discretion, increase the amount of the award to an amount equal to, but no more than, $1,500.00 per call.

WHEREFORE, Plaintiff demands judgment against Defendant for damages and such other and further relief as the court deems just and proper.

### *Count 3- Injunctive Relief*

27. The foregoing paragraphs are incorporated herein by reference.

28. Plaintiff is entitled to injunctive relief to prohibit such further conduct from Defendant.

29. Plaintiff requests that the Court permanently enjoin Defendant from making calls to cell phones using an artificial voice, a prerecorded voice, or an automatic telephone dialing system, as that term is defined in 47 U.S.C.

§ 227(a)(1), unless they are made for emergency purposes or Defendant can show that it had the recipients express consent at the time that it placed the call.

WHEREFORE, Plaintiff demands judgment against Defendant for injunctive relief and such other and further relief as the court deems just and proper.

/s Brett Freeman
Brett Freeman
Bar Number: PA 308834
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA  18512
Attorney for Plaintiff
Phone (570) 341-9000
Facsimile (570) 504-2767
Email bfecf@bankruptcypa.com